
FILED
FEB 2 8 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Robert L. Hedrick, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-2824 (UNA)
)
Carl E. Stewart *et al.*, )
)
    Defendants. )

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires dismissal of a prisoner's complaint upon a determination that it, among other listed grounds, is frivolous.

Plaintiff is incarcerated at the Federal Medical Center in Butner, North Carolina. He has sued Chief Judge Carl E. Stewart of the United States Court of Appeals for the Fifth Circuit in his individual capacity and in his official capacity "as the direct supervisor of the judges and clerks of the court that are under his direction[.]" Comp. ¶ 3 (listing defendants) [Dkt. # 1]. In addition to the judicial defendants, plaintiff has sued two assistant United States attorneys. Plaintiff has filed an amended complaint "to include [claims] against" additional judicial officers in the United States District Court for the Southern District of Texas and employees of the Department of Homeland Security. Am. Compl. at 1 [Dkt. # 5].

Plaintiff's pleadings are largely incoherent but appear to be based on matters that occurred during court proceedings in the judicial districts of the defendants. Plaintiff mentions a "Pattern of RICO" and refers to the defendants as "co-conspirators." Am. Compl. at 1, 2.

1

Plaintiff posits that Chief Judge Stewart should "appear before this Court to answer for his contempt and the contempt of the judges and clerks under his supervision . . . for the deliberate manipulation of the courts' rules; obstruction of justice; falsifying court decisions; illegally suspending a briefing schedule . . . and . . . failing to change venue to protect plaintiff's due process rights[.]" Compl. ¶ 1. But it is "axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980).

Regardless, an "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981). Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases). Consequently, a complaint, such as here, against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). Furthermore, absolute "immunity applies to all acts of auxiliary court personnel that are basic and integral parts of the judicial function[,]" *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (citations, internal quotation marks and alterations omitted), as well as to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 686 (D.C. Cir. 2009).

To the extent that plaintiff has sued under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, the "United States has not waived sovereign immunity for claims brought under the RICO Act." *Klayman v. Obama*, 125 F. Supp.

2

3d 67, 79 (D.D.C. 2015) (citing cases); *see Norris v. Dep't of Defense*, No. 96-5326, 1997 WL 362495 (D.C. Cir. May 5, 1997) (per curiam) (finding claim for treble damages under the RICO Act "barred by the doctrine of sovereign immunity"); *Andrade v. Chojnacki*, 934 F. Supp. 817, 831 (S.D. Tex. 1996) ("Absent an express waiver of sovereign immunity, a RICO action cannot be maintained against the United States.") (citing cases)). And sovereign immunity extends to the named federal employees since they are accused at most of misconduct while acting within the scope of their employment. *See Chacoty v. Tillerson*, 285 F. Supp. 3d 293, 301 (D.D.C. 2018) ("The immunity of the United States extends to individual 'officials [who are sued] in their official capacities.'") (quoting *Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) (modification in original)). Therefore, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: February 28, 2019

United States District Judge